## WEBBER *a.* MORITZ.

*New York Superior Court; Special Term, September,* 1860.

### ARREST.—MOTION TO VACATE.

An order of arrest should not be vacated merely on the ground that one of the plaintiffs is not a proper party.

This was an action brought by a husband and wife to recover for an assault committed upon the wife. The plaintiff obtained an order of arrest ; which the defendant now moved to vacate.

BOSWORTH, J.—The defendant moves to vacate the order of arrest heretofore made in this action, and moves on the affidavit on which it was granted. That affidavit states that the defendant violently assaulted the said Bertha; injured her severely ; and that the husband has sustained special damage, which is stated.

The defendant insists that there is a misjoinder of parties ; that if the action be treated as one to recover the husband's special damage, he alone should sue ; and that if it be an action to recover damages for the injury to the wife, she should be the sole plaintiff. He further insists that a demurrer for the

114      ABBOTTS' PRACTICE REPORTS.

misjoinder would be sustained, and that the order should there-fore be vacated.

The statute of 1860 (ch. 90, § 2), provides that any married woman may sue in her own name to recover damages for any injury to her person, the same as if she were sole; and that the damages recovered, or received on a settlement, shall be her sole and separate property. Assuming that she should sue alone, it is not clear that the defect can be reached by demurrer. (7 *Abbotts' Pr.*, 41; 17 *N. Y.*, 592; 16 *How. Pr.*, 195.) The authorities on this point seem to be conflicting. But assuming that a demurrer will lie, I think the plaintiffs would be allowed to amend the summons and complaint on terms. Inasmuch as the affidavit shows a cause of action, and the only defect is that there is one plaintiff more than there should be, and as that defect is amendable, I do not think the motion should be granted.

It is denied, but without costs.